UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           v.                          5:05-CR-073

PETER JOHN DE MOTT,
CLARE THERESE GRADY
DANIEL JOSEPH BURNS,
TERESA BERRIGAN GRADY,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Defendants have been indicted on the following counts: (1) Conspiracy to Impede an Officer of the United States in violation of 18 U.S.C. § 372; (2) injury and damage to government property in violation of 18 U.S.C. § 1361; (3) entering a military station for an unlawful purpose in violation of 18 U.S.C. § 1382; and (4) entering a military station after having previously been removed in violation of 18 U.S.C. § 1382. Defendants also are charged with aiding and abetting on Counts 2-4.

The Indictment alleges the following events. On or about December 21, 2002, Defendants entered a United States Military recruiting station and lied down on the floor therein. An officer of the United States directed Defendants to leave the premises. An officer of the New York State Police also directed Defendants to leave the premises. Defendants refused. On or about March 17, 2003, Defendants entered the same military

recruiting station and sprayed a red liquid (believed to be blood) inside causing damage to property of the United States.

Currently before the Court are: (1) Defendants' motion to continue the trial; (2) Defendants' motion to dismiss the Indictment; (3) Defendants' omnibus motion; and (4) Defendants' request to introduce evidence concerning international law and the legality of the war in Iraq.

## II.     DISCUSSION

### a.     Motion to Continue the Trial

Defendants seek an adjournment of the trial date due to the impending birth of Defendant Burns' child and because they wish to be assisted at trial by Attorney William Quigley[1] who is unavailable until after July 4, 2005.  Defendants contend that they would not be able to properly prepare for trial any time earlier than July 4, 2005.  The request to continue the trial is GRANTED and this matter shall be set for trial for September 19, 2005. Because this adjournment was at Defendants' request, September 19 was the first date where the Court's and Attorney Quigley's schedules allowed for trial time, and the adjournment is to allow Defendants time to properly prepare their defense, the Court finds that the ends of justice in allowing such a continuance outweighs the best interest of the public and the Defendants in a speedy trial and, therefore, all time from the date of this Order through September 19, 2005 shall be excluded from the Speedy Trial Act computation.

---

[1] It appears that Attorney Quigley is not currently a member of the bar of this District or of this State.  To assist Defendants at trial or otherwise give legal advice in New York, Attorney Quigley will have to comply with the applicable laws of the State of New York and local rules of this Court concerning attorney admissions and practice.

**b. Motion to Dismiss the Indictment**

Defendants move to dismiss the conspiracy count (Count One) on the ground that it omits facts necessary to support such a claim. Essentially, Defendants believe the Indictment to be defective because it does not detail the specific facts alleged to support the crimes charged. For example, Defendants believe the Indictment to be insufficient because it fails to specify the manner in which it is claimed that they impeded an officer in the discharge of his duties.

Defendants' motion to dismiss the Indictment on this ground is DENIED. The language of the Indictment essentially tracks the language of the statute. Coupled with the fact that the Indictment gives the time frame of the alleged offenses, names the co-conspirators, and identifies the overt acts in support of the conspiracy (which also provide a factual basis for the charges in Counts Two, Three, and Four), it is sufficient. See Sira v. Morton, 380 F.3d 57, 73 (2d Cir. 2004); United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002).

Defendants next move to dismiss the Indictment on the ground that war in Iraq is illegal. This argument is without merit. This Court offers no opinion on the war in Iraq as it is entirely irrelevant to this matter. Assuming, *arguendo*, an illegal war, it does not provide a justification for violating the criminal laws of the United States. United States v. Allen, 760 F.2d 447, 453 (2d Cir. 1985). Such defenses have been rejected by the Second Circuit Court of Appeals. Id. As the Second Circuit stated, "[n]o matter how convincing [defendants'] arguments that [the government's actions] violate[] international law . . . [defendants] should not be excused from the criminal consequences of acts of civil disobedience simply because the acts were allegedly directed at international law violations."

Id. Irrespective of any notions of international law, the United States "has the power to protect government property by statute." Id. at 454. As the Seventh Circuit has stated, "disagreement with U.S. defense policy and moral disapproval of a law are not defenses to violating the law." United States v. Urfer, 287 F.3d 663, 665 (7th Cir. 2002). The Court finds that issues of international law are irrelevant to this case (see discussion *infra* at section II(d)). Accordingly, Defendants' motion to dismiss the Indictment on this ground is DENIED.

### c.  **Omnibus Motion**

In their omnibus motion, Defendants request: (1) to be relieved from strict compliance with procedural rules; (2) to conduct their own voir dire; (3) a bill of particulars; and (4) certain discovery.

#### 1.  **Compliance With Procedural Rules**

All parties before this Court, whether appearing *pro se* or through counsel, are expected to comply with the Federal Rules of Criminal Procedure and the Local Rules of this Court. Defendants shall endeavor to fully comply with such rules.

#### 2.  **Voir Dire**

Defendants seek to personally conduct voir dire. There is no right to personally conduct voir dire. See Fed. R. Crim. P. 24(a)(1). If Defendants appear at trial through counsel, the Court will permit counsel to examine prospective jurors, subject to Court supervision. If Defendants do not appear at trial through counsel, Defendants may present the Court in writing with questions they would like to be posed to the jury.[2] The Court, in its discretion, may pose such questions to the prospective jurors.

---

[2] Any such requests must be filed with the pre-trial papers and in accordance with the time frames set forth in the uniform scheduling order.

### 3. Bill of Particulars

"A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (quoting United States v. Torres, 901 F.2d 205, 234 (2d Cir.), cert. denied, 498 U.S. 906 (1990)).  "Furthermore, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Walsh, 194 F.3d at 47.  "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Torres, 901 F.2d at 234.

Here, the Indictment gives specifics as to the alleged dates at issue, the names of all co-conspirators, and specifies the overt acts alleged to have been completed in furtherance of the crimes charges.  Moreover, it appears that, to date, the government has provided Defendants with extensive discovery.  Accordingly, the Court sees no basis for ordering the government to provide a bill of particulars.

### 4. Discovery and Disclosure

To the extent Defendants are seeking grand jury materials, they have failed to demonstrate a particularized need. In re Grand Jury Subpoena, 103 F.3d 234, 239-40 (2d Cir. 1996).

Finally, Defendants seek "a copy of all communications between the state prosecutor's office and the federal prosecutor's office and any authorities in any level of the Justice Department or any other federal official and any and all persons with either office as to the decision to seek and file federal charges against us. . . ."  This request appears to fall squarely within FED. R. CRIM. P. 16(a)(2) which exempts from disclosure "reports,

memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." See United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989).  Because the request specifically seeks materials concerning the decision to prosecute this matter, the request is DENIED.

### d.        Evidence Concerning International Law

Defendants also seek to introduce evidence concerning international law. Defendants appear to be arguing that such evidence is necessary to show that they did not intend to violate any laws and to support a necessity defense.  Defendants' theory seems to be that, because they believe the United States to be acting in violation of international law, Defendants did not act with the intent to impede the lawful exercise of duties by an official of the government.

Defendants' argument is misplaced.  Their argument conflates the related, but distinct concepts of motive and intent.  Motive goes to the reason why someone acts (or fails to act).  Intent refers to the state of mind with which the act is done or not done.  A defendant's motive for committing an act is irrelevant to the issue of guilt, except to the extent that it may aid in determining intent.  United States v. Edwards, 101, F.3d 17, 19 (2d Cir. 1996); United States v. Praetorius, 622 F.2d 1054, 1063 (2d Cir. 1979); see Black's Law Dict. (8th ed.) ("When the intent to do an act that violates the law exists, motive becomes immaterial.").

In Count One, Defendants are charged with conspiring to impede an officer of the United States.  To prove this Count, the government will have to show, *inter alia*, that two or more persons entered into an agreement to impede or injure an officer, as specified in the

statute. The question will be whether such an agreement was made. The purpose for which a person may have agreed to impede or injure an officer is irrelevant. Thus, it is immaterial whether Defendants acted because of their beliefs concerning the Iraq war. It similarly is immaterial whether Defendants thought they were acting lawfully under principles of international law. Again, the question is not *why* they may have engaged in certain conduct, but *whether* they intended to engage in such conduct. Stated otherwise, the focus is not on whether they believed they were acting for a lawful purpose (in furtherance of international law), but whether they had the requisite mental resolution to agree to impede or injure an officer (the unlawful act).

The same reasoning applies to Count Two. That Count requires proof that Defendants willfully injured property of the United States. Again, the reason why any property may have been injured is not relevant. The question is whether Defendants deliberately injured property of the United States. Urfer, 287 F.3d at 666. The government does not need to prove that Defendants knew that any acts were illegal. Id. "Even if [the Iraq war is] . . . contrary to international law . . ., domestic law could properly and does make it a crime 'to correct a violation of international law by destroying government property.'" Id. at 667 (quoting Allen, 760 F.2d at 453). Thus, "[s]tatements . . . concerning international law [are] not relevant to any issue in the case." United States v. Komisaruk, 885 F.2d 490, 493 (9th Cir. 1989).

The same goes for Counts Three and Four. The motive for Defendants' actions are irrelevant. United States v. McGrath-Andino, 143 F. Supp.2d 184 (D. Puerto Rico 2001). ("[T]he purpose of the illegal entry [onto government land] is irrelevant for a conviction under 18 U.S.C. § 1382."); United States v. Bowers, 590 F. Supp. 307, 309 (N.D.N.Y. 1983)

(McCurn, J.). The primary inquiry will be whether Defendants knowingly entered military property for an unlawful purpose (such as to damage property) or re-entered military property after having been removed therefrom; not the reason that motivated them to act.

As the Second Circuit has stated in a similar case, Defendants' argument "fails to distinguish between two different and independent government actions: protection of property and [foreign policy]. Although [Defendants'] purpose may have been to uphold international law, their action[s] [are alleged to have] disobeyed the wholly independent federal law protecting government property." Allen, 760 F.2d at 453. The Circuit continued to note that "[a]ppellants cite no international law, and we are aware of none, even suggesting that an individual has the responsibility to correct a violation of international law by destroying government property. To the contrary, international law recognizes the sanctity of property. . . ." Id. For the foregoing reasons, Defendants' request to introduce international law as evidence is DENIED.

  **e.**   **Government's Cross-Motion for Discovery**

The government moves for reciprocal discovery, contending that Defendants have failed to turn over any evidence to date. The government also contends that it served a demand for an alibi notice, but has received no response. Defendants state that they "will be glad to provide the prosecution with copies of any discovery [they] have." The Court notes that Defendants have an obligation to provide discovery to the government. Some of the material the government seeks is specified in their memorandum of law. Defendants should refer to that memorandum and provide any responsive materials. The Court encourages the government to contact Defendants and assist them in identifying discoverable materials. Because Defendants have indicated a willingness to comply with their discovery obligations,

the Court denies the government's motion with leave to renew upon a showing of Defendants' failure to provide discovery.

### III. CONCLUSION

Defendants' motion to continue the trial is GRANTED.  In all other respects, Defendants' motions are DENIED.  The government's cross-motion for discovery is DENIED with leave to renew.

IT IS SO ORDERED.

Dated: May 4, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge

- 9 -