UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                                      3:05-CR-073

PETER JOHN DE MOTT,
CLARE THERESE GRADY
DANIEL JOSEPH BURNS,
TERESA BERRIGAN GRADY,

                                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

**Defendants' Motion**

      Defendants have moved for the following relief: (1) to conduct voir dire themselves (*i.e.*, not through counsel); (2) alternatively, that the Court itself present to the jury those questions from Defendants' questionnaire that the Court previously approved; (3) alternatively, that the Court present Defendants' questionnaire to the proposed jurors in writing; and (4) alternatively, that their standby counsel, Professor Quigley, be permitted one half hour for voir. Defendants filed a separate motion seeking an order requiring the government to provide notice of its intent to use evidence of prior arrests, convictions or bad acts and to compel the government to provide evidence regarding the same. Finally, Defendants have sought to have six paralegals be present in the well and to be permitted to bring laptops into the Courtroom.

Defendants' requests to personally conduct voir dire and to have written questions presented to the jurors are DENIED. See Fed. R. Crim. P. 24(a)(1). Defendants may have their counsel conduct voir dire on their behalf.[1] If counsel conducts voir dire, counsel shall be afforded one-half hour to do so.[2] The government would similarly be allotted one-half hour to conduct voir dire. If the Court examines the jurors, it will present to them those questions from Defendants' questionnaire, and any other questions, that it deems appropriate. The Court also will afford Defendants an opportunity to participate in any follow-up questioning by presenting additional proposed questions to the Court. Whether any particular questions are presented to the jurors will be within the discretion of the Court and in accordance with its obligation to ensure that Defendants receive a fair trial.

Defendants' motion seeking a notice from the government concerning its intention to use evidence of prior arrests, convictions, or bad acts is DENIED as moot. The government has notified Defendants that it does not intend to use such evidence in its case in chief. For similar reason, Defendants motion for the production of evidence concerning prior arrests, convictions or bad acts is DENIED (the government has already supplied Defendants with copies of their criminal histories).

Defendants request to use six paralegals is DENIED. Defendants may select <u>four</u> paralegals (one for each Defendant) to assist them in their defense of this matter. Each of

---

[1] Defendants were supposed to inform the Court by Thursday, September 15, 2005 whether they were going to have their counsel conduct voir dire or whether they preferred that the Court do it instead. Defendants failed to comply with this requirement.

[2] No attorney assisting Defendants may conduct voir dire or otherwise act on behalf of Defendants before this Court unless and until they are admitted to practice in the Northern District of New York. They may seek to be admitted *pro hac vice* upon proof of proper credentials and compliance with the applicable rules of this Court. Defendants were informed of this requirement in the Court's May 4, 2005 Order.

the four paralegals and each of the four Defendants may use laptop computers to assist them in conducting their defense.

All parties should be cautioned that any on-line, modem, or wireless communication abilities of any laptop computer or other electronic device used in the Courtroom shall be disabled while it is being used in the Courtroom.  No party shall make an audio or video recording or otherwise transmit the proceedings in this matter.

**The Government's Motion**

The government has moved to exclude from the introduction into evidence all of Defendants' proposed exhibits, except one.  The government contends that Defendants' proposed exhibits are irrelevant and are an additional attempt by Defendants to introduce matters concerning international law and the legality of the conflict in Iraq.

This Court has previously ruled that the war in Iraq and matters of international law are irrelevant to this matter.  The Court specifically held that "it is immaterial whether Defendants acted because of their beliefs concerning the Iraq war.  It similarly is immaterial whether Defendants thought that they were lawfully acting under principles of international law. . . [T]he focus is not on whether they believed they were acting for a lawful purpose (in furtherance of international law), but whether they had the mental resolution to impede an officer" of the United States or otherwise engage in the conduct alleged in the Indictment.  "Statements . . . concerning international law [are] not relevant to any issue in the case." United States v. Komisaruk 885 F.2d 490, 493 (9th Cir. 1989).  The Court stands by its prior rulings.  The Court expects that all parties in this matter will adhere to Court rulings and not endeavor to circumvent them.  If any party wishes to challenge this Court's rulings, the proper mechanism to do so is by appealing to the Second Circuit Court of Appeals.  The

Court will review Defendants' proposed exhibits prior to, or during the course of, trial and determine whether they will be admissible.

The government next seeks to preclude Defendants from interjecting before the petit jury any information concerning the prior state court proceedings concerning these same Defendants. Whether Defendants were prosecuted in another jurisdiction (*i.e.*, the State of New York) and the result of any such proceedings are not relevant to the proceedings before the Court. Accordingly, the government's motion is GRANTED and Defendants shall not introduce any information concerning the prior state court proceedings before the petit jury.

The government also seeks to preclude the testimony of the individuals identified on Defendants' witness list. The government contends that these named witnesses are likely to testify on matters concerning international law or the legality of the Iraq war and, therefore, their testimony is irrelevant. The Court will make the necessary evidentiary rulings immediately prior to, or during the course of, trial.

IT IS SO ORDERED.

Dated: September 16, 2005

Thomas J. McAvoy
Senior, U.S. District Judge