UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        v.                                                          05-cr-0073

PETER DEMOTT
CLARE GRADY
DANIEL BURNS
TERESA GRADY

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       A dispute has arisen concerning the interpretation of 18 U.S.C. § 372. "In interpreting a statute, we begin with the language of the statute itself." Connecticut ex rel. Blumenthal v. U.S. Dept. of Interior, 228 F.3d 82, 88 (2d Cir. 2000) (quoting Tom Lange Co. v. Kornblum & Co., 81 F.3d 280, 285 (2d Cir.1996)). Section 372 reads as follows:

> § 372. Conspiracy to impede or injure officer
>
> If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

The parties appear to be in agreement that the statute addresses conspiracies that have different objects or goals. Specifically, the statute prohibits conspiracies to: (1) prevent any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; (2) induce any officer of the United States to leave the place, where his duties as an officer are required to be performed; (3) injure an officer of the United States in his person or property on account of his lawful discharge of the duties of his officer, or while engaged in the lawful discharge thereof; or (4) injure the property of an officer of the United States so as to molest, interrupt, hinder, or impede him in the discharge of his official duties (collectively referred to as the "objects of the conspiracy"). The dispute is over whether the government must prove "force, intimidation, or threat" with respect to each of the four possible objects of the conspiracy, or whether the "force, intimidation, or threat" element only applies to the first two objects of the conspiracy listed above. Defendants have taken the position that a necessary component of any conspiracy under this section involves proof of "force, intimidation, or threat." The government, on the other hand, contends that the "force, intimidation, or threat" element only applies to the first two types of conspiracy.

Without question, the statute could have been drafted more clearly and with more precision. Nevertheless, the Court believes that, upon careful analysis, its proper meaning can be easily discerned. A careful analysis involves a breakdown of the structure of section 372.

There are two sets of "people" addressed in section 372 : (1) the conspirators ("[i]f two or more persons . . . conspire. . . ."); and (2) the persons who are the subject of the conspiracy (either "any person . . . accepting or holding any office, trust, or place of confidence under the United States", or "any officer of the United States."). The verbs used in section 372, therefore, must relate to one of the two sets of people addressed therein. Section 372 uses the following verbs (or verb sets) to refer to the

conspirators, or actions of the conspirators: (1) "to prevent" ("to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States"); (2) "to induce" ("to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed"); (3) "to injure" ("to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof); and (4) "to injure . . . so as to molest, interrupt, hinder, or impede" ("to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties").  It is each one of these verbs (each of which appears after a comma, followed by the word "or") relating to the actions of the conspirators that separates out each of the four potential objects of the conspiracy.  The remaining verbs (or gerunds) in section 372 relate to the persons who are the subject of the conspiracy ("from accepting or holding any office", "from discharging any duties"; "to leave the place where his duties as an officer are required to be performed", "his lawful discharge of the duties," "while engaged in the lawful discharge thereof", "discharge of his official duties.").

    We have now identified that the statute has four objects of the conspiracy, of which, each object has its own introductory verb ("prevent," "induce," "injure," and "injure").  We must then look to the placement of the phrase "by force, intimidation, or threat."  Notably, that phrase ("by force, intimidation, or threat") appears after the verb "to prevent," which verb relates to the first potential object of the conspiracy.  This suggests that the phrase "by force, intimidation, or threat" applies only to (or modifies) this first object of the conspiracy.  Had the "by force, intimidation, or threat" phrase appeared before the verbs relating to the conspirators, there would be a stronger argument for Defendants' position.  By putting this qualifying phrase after the verb "to prevent", it is understood to qualify the preceding verb ("to prevent") and not any ensuing verbs, which express different concepts.

This conclusion is reinforced by the fact that the verb introducing the second object of the conspiracy ("to induce") also has its own qualifying language. The language of the second object of the conspiracy is as follows: "or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed." If the phrase "by force, intimidation, or threat" found in the first object of the conspiracy was meant to apply to the second object of the conspiracy, it would have been unnecessary for Congress to qualify the manner of "inducement" in the second object of the conspiracy by using the phrase "by like means." To do so would have been redundant, a form of interpretation that should be avoided. Committee to Stop Airport Expansion v. F.A.A., 320 F.3d 285, 288 (2d Cir. 2003); see also Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) (courts are to disfavor interpretations of statutes that render language superfluous). Rather, it appears clear that Congress wanted to clarify that what was prohibited in the second object of the conspiracy was to induce by like means (*i.e.*, by force, intimidation or threat) any officer of the United States to leave the place, where his duties as an officer are required to be performed. Thus, Congress explicitly made the qualifying phrase "by force, intimidation, or threat" applicable to the first two objects of the conspiracy.

Significantly, any such qualifying language is absent from the third and fourth objects of the conspiracy. It is clear that if Congress wanted such qualifying language to apply to these latter objects of the conspiracy, it knew how to do so. As it did with respect to the second objects of the conspiracy, Congress could have written "or to injure him [by like means] in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property [by like means] so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six

years, or both." But this is not what Congress did. This Court must give effect to the plain language of the statute. By leaving out any qualifying language from the third and fourth objects of the conspiracy, Congress clearly omitted the necessity of proving "force, intimidation, or threat" therefrom.

One of the defendants argued that by using the pronouns "his" or "him" in the third and fourth objects of the conspiracy, those latter objects of the conspiracy necessarily relate back to the second object of the conspiracy, wherein the "force, intimidation, or threat" element is found. She contends that it, therefore, follows that the "force, intimidation, or threat" element must apply to all objects of the conspiracy. The Court disagrees. Legislative enactments rarely are models of grammatical precision. Nevertheless, the Court believes that defendant's argument does not alter the conclusion reached above. Without doubt, the persons involved in the second, third, and fourth objects of the conspiracy are the same. The second, third, and fourth objects of the conspiracy pertain to the conspirators ("two or more persons") and an "officer of the United States." Nevertheless, as discussed, each object of the conspiracy is otherwise distinct insofar as they involve different conduct.

In addition, requiring proof of "force, intimidation, or threat" would be illogical, in part, when applied to the fourth object of the conspiracy. It is not possible to injure property by intimidation or threat. The Court must avoid any construction of the statute that renders it illogical. For these latter objects of the conspiracy, Congress believed that a conspiracy to cause injury was sufficient to constitute a crime and that proof of force, intimidation, or threat is not necessary.

This Court is not alone in this interpretation. For instance, the Fourth Circuit, in U.S. v. Hall, quoted the "pertinent" provision of the statute in that case as follows:

> "If two or more persons in any State, Territory, Possession, or District conspire to
> * * * injure him (an officer of the United States) in his person or property on
> account of his lawful discharge of the duties of his office, or while engaged in the
> lawful discharge thereof, or to injure his property so as to molest, interrupt,

> hinder, or impede him in the discharge of his official duties, each of such persons shall be fined not more than $5,000 or imprisoned not more than six years, or both."

342 F.2d 849, 850 n.1 (4th Cir. 1965).  The Fourth Circuit used the ellipsis to remove the portion of the statute that speaks of force, intimidation, or threat to the subsequent portions of the statute, thereby suggesting that the "force, intimidation, or threat" element is inapplicable to the subsequent portions of the statute.

Similarly, in U.S. v. Joiner, the Eighth Circuit cited the relevant portion of the statute in that case, albeit in a parenthetical, as "criminalizing conduct where two or more persons conspire to injure an officer of United States in his person or property on account of the lawful discharge of their duties."  418 F.3d 863, 867 (8th Cir. 2005).  Again, the Court did not cite the requirement that this injury be brought about by force, intimidation, or threat.

In Stern v. United States Gypsum, Inc., 547 F.2d 1329 (7th Cir.), cert. denied, 434 U.S. 975, 98 S. Ct. 533 (1977), the Seventh Circuit examined the identically worded civil conspiracy statute, 42 U.S.C. § 1985(1).  The Stern court stated:

> [A]ppellants ... insist that the use of conspiratorial means of "force, intimidation, or threat" [in 42 U.S.C. Sec. 1985(1)] is a necessary element of any action under that section and that Stern has not adequately alleged that element.  Stern argues, and the district court determined, both that his complaint is drawn under portions of § 1985(1) which do not include such a requirement, and that even if the requirement were to be imposed, his complaint sufficiently satisfies it to withstand a motion to dismiss.  His complaint alleges, inter alia, a conspiracy to injure him in his person, property, and professional reputation on account of the lawful discharge of his official duties "by intimidation, threat or otherwise."
>
> We begin our analysis of this issue by considering the statutory language.  As we read § 1985(1), it opens by stating the requirement that "two or more persons . . . conspire" and then proceeds, in four infinitive phrases, appropriately qualified and set off from each other with the disjunctive "or," to state the types of conspiracies covered.  The section may thus be broken into component parts, as follows:

If two or more persons in any State or Territory conspire

(1) to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof;

(2) or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed,

(3) or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof,

(4) or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties(.)

Reading § 1985(1) in this natural manner, the limitations of the "force, intimidation, or threat" requirement are apparent. While the requirement is express in the first substantive phrase, and incorporated by the words "by like means" in the second, it does not modify the last two substantive phrases, under which, of course, Stern's complaint is primarily drawn.

We agree with the parties that § 1985(1) is not a model of clear and precise draftsmanship, but we think that the reading we give the section effectuates a relatively plain Congressional intention. It gives the normal grammatical significance to the use of the disjunctive "or" by allowing each of the phrases thus set off to have independent effect. See Flora v. United States, 362 U.S. 145, 149-50, 80 S. Ct. 630 (1960). Nor does this interpretation disrupt an apparently integrated whole. The statute makes perfectly good sense without imposing a "force, intimidation, or threat" requirement on each of its parts. Congress could soundly have determined that the federal interest in the carrying out of federal functions would not be offended when, e. g., two or more persons act together to prevent another from accepting or holding a federal position by offering that person a better job. When, on the other hand, force, intimidation, or threat are used to achieve that end, the federal interest would be offended even if no legally cognizable injury is done to the prospective or incumbent federal official. A conspiracy to injure an official's person or property on account of the discharge of his duties or to prevent him from doing so, however, interferes directly and substantially with the federal interest in the effective formulation and execution of federal policy and functions, regardless of whether force, intimidation, or threat are used.

547 F.2d at 1336-37.

      As this Court's analysis makes clear, it fully agrees with the interpretation of the Seventh Circuit. Accordingly, the Court finds that the "force, intimidation, or threat" element is inapplicable to the third and fourth objects of the conspiracy.

IT IS SO ORDERED.

Dated:   September 22, 2005

                                              Thomas J. McAvoy
                                              Senior, U.S. District Judge