UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           v.                                     5:05-CR-073

PETER JOHN DE MOTT,
CLARE THERESE GRADY
DANIEL JOSEPH BURNS,
TERESA BERRIGAN GRADY,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendants Peter DeMott, Daniel Burns and Clare Grady move to dismiss Count 4 of the Indictment as duplicitous of Count 3.[1] In opposition, the Government argues that Count 4 is not duplicitous of Count 3, but consents to dismissal of Count 4 on the condition that it may be reinstated if Count 3 is reversed on appeal.

"An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." United States v. Chacko, 169 F.3d 140, 145 (2d Cir. 1999). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004)(citing Chacko, 169 F.3d at 145). "When, . . . the same statutory violation is charged twice, the question is whether the facts underlying

---

[1] The jury convicted these defendants on both counts.

each count were intended by Congress to constitute separate 'units' of prosecution." Id. (citing Bell v. United States, 349 U.S. 81, 83-84 (1955)). "It is not the conduct that underlies the offense that matters for multiplicity analysis, but rather 'the 'offense'--in the legal sense, as defined by Congress.'" Id. (quoting Chacko, 169 F.3d at 146).

Section 1382 reads as follows:

> Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Cost Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation; or
>
> Whoever reenters or is found within any such reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof –
>
> Shall be fined under this title or imprisoned not more than six months, or both.

In this case, Count Three charged these three defendants with entering a military station for an unlawful purpose in violation of 18 U.S.C. § 1382. This is the subject of the first paragraph of § 1382. Count Four charged these defendants with entering a military station after having previously been removed, also in violation of 18 U.S.C. § 1382. This is the subject of the second paragraph of § 1382.

A plain reading of the statute evinces Congress's intent to punish two types of crimes (or to establish two separate units of prosecution): (1) entering a military station for an unlawful purpose; and (2) reentering a military station after having previously been removed. This conclusion is supported by the fact that Congress used the disjunctive ("or") between the two paragraphs in § 1382, each of which can result in a fine and/or imprisonment. This suggests two separate crimes. The Court, therefore, finds that there are two separate crimes and a conviction on both Count Three and Count Four does not run afoul of the Double

Jeopardy Clause.  In fact, these three defendants violated each of these separate crimes. The jury found that they entered into the recruiting station for an unlawful purpose (violating the first paragraph of § 1382) and that they entered the recruiting station after having previously been removed (violating the second paragraph of § 1382).

Nevertheless, in light of the Government's consent to the relief requested, see Trial Tr. at 480 ("I agree that should happen here"), Dkt. No. 96 ("[W]e do not oppose dismissal of Count 4 . . . ."), the Court will dismiss Count 4 on the condition that it may be reinstated in the event Count 3 is overturned on appeal.

IT IS SO ORDERED.

Dated: February 3, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge